**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANCISCO JAVIER REYES-CORADO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-149

Agency No.
A098-799-409

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2023[**]
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and McMAHON, District Judge.[***]

Francisco Reyes-Corado ("Reyes-Corado"), a native and citizen of

Guatemala, petitions this court for review of a decision of the Board of

Immigration Appeals ("BIA") denying reopening.  We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

U.S.C. § 1252, and we deny the petition.

Reyes-Corado filed the motion to reopen at issue here, his second,[1] so that he could pursue cancellation of removal in light of the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Reyes-Corado argues that under *Pereira* he meets the continuous presence requirement for cancellation of removal because the putative notice to appear he received in 2005 did not trigger the stop-time rule. *See id.* at 2110. Reyes-Corado does not, however, argue that the BIA's decision rested on a misapplication of this legal principle. Nor does Reyes-Corado challenge multiple independent grounds on which the BIA denied reopening, including timeliness and failure to show prima facie eligibility for cancellation of removal. Accordingly, we deny the petition for review.[2]

**PETITION DENIED.**

---

[1] Reyes-Corado has filed a separate petition for review of the BIA's denial of his previous motion to reopen. We address Reyes-Corado's petition for review in Case No. 18-70225 separately.

[2] The temporary stay of removal remains in effect until the mandate has issued in both Case No. 21-149 and Case No. 18-70225.